JUSTICE GRAY,
specially concurring.
I concur in the majority opinion. While I do not believe in advisory *138 opinions on legal questions or, in general, the necessity or propriety of offering advice regarding the practice of law, I believe that comment on several particulars regarding this case may assist both counsel and the courts in avoiding problems in future cases.
The parties agree that part of the plea agreement in this case was a promise by the County Attorney not to object to withdrawal of the guilty plea in the event the court failed to follow the agreement. This promise was not contained in the written plea agreement, however. All promises and assurances which are part of a plea agreement should be contained in the written document in order to avoid disputes and difficulties over nondocumented parts of a plea agreement. In addition, it is my view that when the prosecution makes such a promise, it should abide by both the letter and the spirit of that promise. Under such circumstances, I believe it is the prosecutions duty to refrain from filing any brief or memorandum on the subject whatsoever. Here, the content of the prosecutions Memorandum in Opposition to Motion to Withdraw Guilty Plea did not constitute a substantive objection to the defendants motion; nor did the court rely on it. The Memorandum, however, technically did violate the letter, and certainly violated the spirit, of the promise. The Memorandum does not appear to have affected the outcome; therefore, any error was harmless.
Finally, I believe it is important to note that the defendant in this case entered an “Alford plea” to the charge of sexual intercourse without consent. As discussed in the dissenting opinion in State v. Cameron (Mont. 1992), [253 Mont. 95,] 830 P.2d 1284, 49 St.Rep. 150, Alford pleas in sex offense cases can result in a variety of unexpected consequences for defendants who, via the Alford plea, continue to assert their innocence. See also State v. Imlay (1991), 249 Mont. 82, 813 P.2d 979 [Cert. granted, 112 S.Ct. 1260,]. Some of those consequences already have arisen in this case during the pre-sentence evaluation and investigation phases. Given that the sentence imposed on this defendant includes completion of the sex offender program at the Montana State Prison, and that the program cannot be completed so long as the defendant continues to deny the conduct, more Alford plea-related consequences may be ahead for this defendant.
JUSTICE TRIEWEILER, joins in the foregoing special concurrence of JUSTICE GRAY.